# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| YVETTE BARBARA BALDWIN,<br>    Plaintiff, | Case No. 1:12-cv-133 |
| vs | Barrett, J.<br>Wehrman, M.J. |
| STATE OF INDIANA,<br>ET AL.,<br>    Defendants | **REPORT AND<br>RECOMMENDATION** |

Plaintiff, a resident of Cincinnati, Ohio, has filed a *pro se* complaint with this Court. By separate Order issued this date, plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. This matter is before the Court for a *sua sponte* review of plaintiff's complaint to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if satisfied that the action is frivolous or malicious. *Denton v. Hernandez,* 504 U.S. 25, 31 (1992); *see also* 28 U.S.C. § 1915(e)(2)(B)(i). A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v. Williams,* 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise

to the level of the irrational or "wholly incredible." *Denton,* 504 U.S. at 32; *Lawler,* 898 F.2d at 1199. The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328).

Congress has also authorized the *sua sponte* dismissal of complaints which fail to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915 (e)(2)(B)(ii). Although a plaintiff's *pro se* complaint must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers," the complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citation and quotation omitted)). The complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 570); *see also Hill*, 630 F.3d at 470-71 ("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915(e)(2)(B)(ii) and 1915A(b)(1)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S.Ct. at 1949 (citing *Twombly*, 550 U.S. at 556). The Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S.Ct. at

1949 (citing *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557.

Plaintiff brings the instant action against the "State of Indiana & their Administrative Public Officials, et al.," and the "Indiana Attorney General, et al." (Doc. 1, "Complaint"). Plaintiff alleges that she has "ownership royal authority" over an "international royal display/treasury," which is currently "in the care and maintenance of the State of Indiana." (Doc. 1, "Complaint," p. 3). She alleges that she last visited Indianapolis to view the treasury, which she claims is worth "trillions," during her elementary school years at Schiel Elementary School. (*Id.*). She states: "It is time for me to prepare the royal treasury/display to be returned to the Country of Israel permanently." (*Id.*). Plaintiff claims that she has made several phone calls and sent e-mail communications requesting "an acknowledg[]ment of the treasury/display," and that the State of Indiana "should contact [her] immediately & contact Marshall & Ilsley Financial Corporation for additional legal document[s] to give to [her]." (*Id.*).

As relief, plaintiff requests that she be informed of the "location of royal[] orders assigned to plaintiff royal public official, Ms. Yvette Barbara Baldwin also known as Queen Yvette K. and or Queen Yvette Barbarba Baldwin," as well as contact information for obtaining immediate access to "royal orders/edict." (*Id.*, p. 4). Plaintiff also requests damages and equitable relief for "pain and suffering" and "a loan of $25 million dollars from a local bank using royal treasury as collateral." (*Id.*). Finally, plaintiff requests that "Israel Royal Special Forces Administrative Top Officials" be contacted "to assist with returning the treasury." (*Id.*).

Plaintiff's allegations do not state a claim with an arguable basis in fact or law, and are

insufficient to state a claim upon which relief may be granted by this Court. First, the complaint repeats many of the same allegations that have been asserted by plaintiff in prior complaints dismissed by this Court as delusional and frivolous regarding her royal status; her entitlement to certain royal accounts, treasuries, displays and legal documents purportedly held on her behalf by various entities; and her inability to obtain access to those resources or items. *See, e.g., Yvette Barbara Baldwin v. Uncle Bob's Self Storage, et al.*, No. 1:10-cv-951 (S.D. Ohio, Cincinnati) (Dlott, J.; Litkovitz, M.J.) (Docs. 3, 4, 7, 8); *Yvette Barbara Baldwin v. Cincinnati Bar Ass'n, et al.*, No. 1:11-cv-71 (S.D. Ohio, Cincinnati) (Barrett, J.; Bowman, M.J.) (Docs. 7, 8, 13, 14); *Yvette Barbara Baldwin v. Wyoming Police Dep't, et al.*, No. 1:11-cv-858 (S.D. Ohio, Cincinnati) (Weber, J.; Litkovitz, M.J.) (Docs. 3, 4, 6, 7).[1] In this case, as in the prior cases, the complaint is subject to dismissal because it is based on delusional factual allegations. *See Hill*, 630 F.3d at 471 (quoting *Neitzke*, 490 U.S. at 328); *see also Denton*, 504 U.S. at 32; *Lawler*, 898 F.2d at 1199.

Second, even assuming that plaintiff's allegations are sufficiently rational to survive dismissal on the basis of frivolousness, they fail to rise to the level of a violation of federal law.

---

[1] It is noted that plaintiff has filed four other civil actions, which are currently pending before this Court. Three actions were recently filed. *See Yvette Barbara Baldwin v. Hashemite Kingdom of Jordan, et al.,* No. 1:12-cv-39 (S.D. Ohio, Cincinnati) (Dlott, J.; Bowman, M.J.); *Yvette Barbara Baldwin v. United Nations Security Council,* Case No. 1:12-cv-134 (S.D. Ohio, Cincinnati) (Spiegel, J.; Bowman, M.J.); *Yvette Barbara Baldwin v. Hamilton County Clerk of Courts, et al.,* (S.D. Ohio, Cincinnati) (Weber, J.; Bowman, M.J.). The third case is pending before the Court on the magistrate judge's Report and Recommendation to dismiss the complaint at the screening stage because it is frivolous, duplicative and barred from review by the doctrine of *res judicata. See Yvette Barbara Baldwin v. Marshall & Ilsley Financial Corp.*, No. 1:11-cv-804 (S.D. Ohio, Cincinnati) (Weber, J.; Litkovitz, M.J.) (Docs. 3, 4). Plaintiff also previously filed a complaint with this Court that was dismissed for lack of prosecution, *see Yvette Barbara Baldwin v. M&I Financial Corp., et al.*, No. 1:10-cv-952 (S.D. Ohio, Cincinnati) (Barrett, J.; Litkovitz, M.J.) (Docs. 5, 17, 22, 23), as well as two complaints in the Southern District of Indiana that were dismissed as frivolous at the screening stage. *See Yvette Barbara Baldwin v. Marshall & Ilsley Financial Corp., et al.*, No. 1:11-cv-01513-WTL-MJD (S.D. Ind.) (Docs. 1, 4, 5); *Yvette Barbara Baldwin v. Marshall & Ilsley Financial Corp., et al.*, No. 1:11-cv-01588-WTL-DML (S.D. Ind.) (Docs. 1, 3, 4). An appeal is currently pending in the United States Court of Appeals for the Seventh Circuit from the district court's judgment in Case No. 1:11-cv-01513-WTL-MJD (S.D. Ind.), Appeal No. 11-3766. Finally, plaintiff has an *in forma pauperis* application pending before the Columbus Division of this Court in *Yvette Barbara Baldwin v. International Country of Germany, et al.*, Case No. 2:12-cv-115 (S.D. Ohio, Columbus) (Smith, J.; King, M.J.).

In any event, it appears that plaintiff's claims against defendants are barred by the Eleventh Amendment, which provides: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. Pursuant to the Eleventh Amendment, each state is a sovereign entity and is not subject to suit by a private individual in federal court without its consent. *See Employees of Dep't of Pub. Health & Welfare v. Dep't of Pub. Health & Welfare,* 411 U.S. 279, 280 (1973). Absent an express waiver, the Eleventh Amendment to the United States Constitution bars suit against a State or one of its agencies or departments in federal court regardless of the nature of the relief sought. *Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 58 (1996); *Pennhurst State School v. Halderman*, 465 U.S. 89, 100 (1984); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978); *Edelman v. Jordan,* 415 U.S. 651, 663 (1974). The exceptions to the Eleventh Amendment bar of suits in federal court against a state do not appear to apply in this case. The State of Indiana has not waived its Eleventh Amendment immunity, *see Harbold v. Indiana*, No. 92-6391, 1993 WL 140574 (6th Cir. May 3, 1993) (citing *Meadows v. Indiana,* 854 F.2d 1068, 1069-70 (7th Cir. 1988)), nor is plaintiff seeking prospective relief for future constitutional violations. *Ex Parte Young*, 209 U.S. 123 (1908).

Finally, this Court is not the proper forum for bringing claims against the State of Indiana and Indiana's Attorney General based on the alleged acts or omissions committed with respect to the "royal treasury/display" purportedly held and maintained in that state. Under the venue provision set forth in 28 U.S.C. § 1391(b), civil suits not based upon diversity of citizenship may be brought only in the judicial district where (1) any defendant resides, if all defendants reside in the same State; (2) a substantial part of the events or omissions giving rise to the claim occurred;

or (3) any defendant may be found, if there is no district in which the claim may otherwise be brought. Here, this Court lacks diversity jurisdiction to consider plaintiff's complaint because the defendants–the State of Indiana and the state attorney general serving as the "arm or alter ego of the state"–are not "citizens" within the meaning of 28 U.S.C. § 1332(a). *See, e.g., Moor v. Almeda County,* 411 U.S. 693, 717 (1973); *Hughes-Bechtol, Inc. v. West Virginia Bd. of Regents,* 737 F.2d 540, 543-44 (6th Cir. 1984) (and cases cited therein); *Great Western Coal (Kentucky), Inc. v. South Carolina Public Serv. Auth.,* Nos. 91-5251, 91-6052, 1991 WL 263138 (6th Cir. Dec. 9, 1991); *Ohio v. GMAC Mortg., LLC,* 760 F. Supp.2d 741, 744 (N.D. Ohio 2011); *Nationwide Life Ins. Co. v. Missouri*, No. 2:06cv405, 2007 WL 912548, at *6 (S.D. Ohio Mar. 23, 2007) (Sargus, J.). Therefore, even assuming that plaintiff alleges any viable claim, the proper venue for the action is Indiana, where both the defendants are located and the cause of action arose.

Accordingly, in sum, the Court concludes that plaintiff's complaint is subject to dismissal as frivolous, or alternatively, on the ground that the complaint fails to state a claim upon which relief may be granted by this Court.

## IT IS THEREFORE RECOMMENDED THAT:

1. The complaint brought against defendants be **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B).

2. The Court certify pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith, and therefore, deny plaintiff leave to appeal *in forma pauperis*. *See McGore v. Wrigglesworth*,

114 F.3d 601 (6th Cir. 1997).[2]

Date: 2/21/12                                     s/ J. Gregory Wehrman
   cbc                                          J. Gregory Wehrman
                                                  United States Magistrate Judge

---

[2]It is noted that plaintiff, a non-prisoner, would remain free to apply for *in forma pauperis* status in the Court of Appeals. *See Callihan v. Schneider,* 178 F.3d 800, 803 (6th Cir. 1999), overruling in part *Floyd v. United States Postal Serv.,* 105 F.3d 274, 277 (6th Cir. 1997).

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| YVETTE BARBARA BALDWIN,<br>    Plaintiff, | Case No. 1:12-cv-133 |
| vs | Barrett, J.<br>Wehrman, M.J. |
| STATE OF INDIANA, et al.,<br>    Defendants. | |

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), **within 14 days** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **within 14 days** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters,* 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).